[No. D042416. Fourth Dist., Div. One. July 21, 2004.]

EILEEN E. LECUYER, Plaintiff and Appellant, v.
SUNSET TRAILS APARTMENTS et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court rule 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

## COUNSEL

Law Offices of Thomas Leary and Thomas A. Leary for Plaintiff and Appellant.

Borton, Petrini & Conron, Paul Kissel and David G. Molinari for Defendants and Respondents.

## OPINION

**NARES, J.**—Plaintiff Eileen E. Lecuyer was seriously injured at night near a parking lot at the Sunset Trails apartment complex when she stepped backward over the edge of an elevated and unrailed concrete walkway or sidewalk that was adjacent to the parking lot and fell down into an adjoining dirt or planter area between the sidewalk and one of the apartment buildings. Lecuyer brought an action for negligence and negligence per se against both the owner and manager of the property, Sunset Trails Apartments, LP (a California limited partnership) and M.G. Properties Company, respectively (together Sunset Trails).

Before a jury trial commenced in this matter, Sunset Trails mailed to Lecuyer's counsel an offer to compromise under Code of Civil Procedure section 998[1] (the section 998 offer). Lecuyer received the offer but did not accept it.

The court refused to give a negligence per se instruction to the jury, but did permit an expert to state his expert opinion that the lack of a guardrail along the sidewalk created an unsafe condition.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

The jury found that Sunset Trails was negligent and that Lecuyer suffered damages in an amount in excess of $350,000 as a result of that negligence. The jury also found that Lecuyer was 90 percent at fault and Sunset Trails was only 10 percent at fault. As a result of these findings, Lecuyer failed to obtain an award of damages that was more favorable than the amount of Sunset Trails' section 998 offer.

Lecuyer appeals, contending (1) the court erred in finding that Uniform Building Code (UBC) section 1716[2] was inapplicable; (2) the court committed instructional error by not giving a negligence per se jury instruction based on Sunset Trails' failure to install a guardrail as UBC section 1716 allegedly required; (3) even if UBC section 1716 did not apply directly to the sidewalk condition in question, the court should have allowed her experts to testify concerning UBC section 1716 as a basis for their respective opinions; and (4) the court erred in ordering Lecuyer to pay Sunset Trails' costs under section 998 because Sunset Trails' section 998 offer was not valid as it was not served by mail at least 15 days prior to trial.

Assuming without deciding that the court erred in not allowing Lecuyer's experts to testify about UBC section 1716 and in refusing to give a negligence per se instruction, we hold that the error was harmless. We also hold that the court erred in ordering Lecuyer to pay Sunset Trails' costs under section 998.

## FACTUAL BACKGROUND[3]

On September 19, 2002, Lecuyer's daughter, Jennifer Clauss, resided in an apartment at the Sunset Trails apartment complex in Santee, California. Clauss asked that Lecuyer and one of Clauss's friends assist her in putting a sofa into the back of Clauss's pickup truck, which Clauss had parked in the parking lot behind her apartment. That evening, when it was dark, Clauss got into her pickup and backed it up to the east side of the sidewalk that runs in a north-south direction next to the parking lot and between the parking lot and the apartment building.

---

[2] The 1979 version of UBC section 1716, which is part of the record on appeal pursuant to Sunset Trails' motion to augment the record and for judicial notice, which we granted, provides in part: "All unenclosed floor and roof openings, open and glazed sides of landings and ramps, balconies or porches which are more than 30 inches above grade . . . shall be protected by a guardrail. Guardrails shall not be less than 42 inches in height."

[3] Because we shall assume, for reasons we shall explain, that the court erred in finding that UBC section 1716 was inapplicable and by not permitting Lecuyer's expert witnesses to testify about UBC section 1716 as the basis for their opinions, our discussion of the facts is abbreviated.

As Clauss's friend was putting the couch into the back of the truck, Clauss was trying to back the truck up a little more so as to "angle [the couch] better onto the truck." Lecuyer, who was wearing a walking cast, was standing on the sidewalk facing in an easterly direction toward the back of the truck, waving to Clauss and asking her to move the truck back further. Lecuyer's back was toward the west edge of the sidewalk, which was the lip of a retaining wall that extended down to the planter area between the sidewalk and the apartment building. That side of the sidewalk did not have a guardrail. As she was motioning to Clauss, Lecuyer began stepping backwards, went over the edge of the sidewalk, and fell into the planter area below. She suffered shoulder, leg and foot injuries, and underwent multiple surgeries.

## PROCEDURAL BACKGROUND

Lecuyer brought suit against Sunset Trails for negligence and negligence per se. In support of her negligence per se cause of action, Lecuyer claimed that the lack of a guardrail along the edge of the sidewalk where she fell was a violation of UBC section 1716.[4]

On February 19, 2003,[5] 13 days before the jury trial commenced in this matter on March 4, defense counsel mailed to Lecuyer's attorney Sunset Trails' section 998 offer to settle the case in the amount of $150,001. Lecuyer's counsel received the section 998 offer on February 24, but Lecuyer did not accept the offer.

At trial, the court ruled that UBC section 1716 did not apply to the sidewalk in question so as to require a guardrail, and the court did not permit Lecuyer's expert witnesses—safety engineer Kenneth Bonatus and architect Edward Grochowiak—to testify about UBC section 1716 as the basis for their opinions. The court, however, permitted Bonatus to testify to his expert opinion that the lack of a guardrail along the walkway created a dangerous and unsafe condition. The court refused to give a negligence per se instruction to the jury, but gave instructions on common law negligence of an owner of property.

The jury returned a special verdict finding that Sunset Trails was negligent and that negligence caused Lecuyer's injuries and damages. The jury found that Lecuyer suffered damages in the amount of $357,945.52. The jury also found by a nine-to-three vote that Sunset Trails was 10 percent at fault, and Lecuyer was 90 percent at fault. As a result of these findings, the jury's award of damages in favor of Lecuyer totaled $35,794.55.

---

[4] See footnote 2, *ante*.

[5] All further dates are to calendar year 2003 unless otherwise specified.

In posttrial proceedings, the court rejected Lecuyer's assertion that Sunset Trails' section 998 offer was untimely and invalid and ordered her to pay Sunset Trails' costs in the amount of $14,228.48 based on her failure to accept the section 998 offer. Lecuyer's timely appeal from the judgment followed.

## DISCUSSION

## I., II.*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## III.   *AWARD OF COSTS UNDER SECTION 998*

Lecuyer also argues the court erred in ordering her to pay Sunset Trails' costs under section 998 because (Lecuyer asserts) Sunset Trails' section 998 offer was not valid as it was not served by mail at least 15 days prior to trial. We conclude Sunset Trails' section 998 offer was not timely, and thus the portion of the judgment imposing Sunset Trails' costs on Lecuyer must be reversed.

■ Section 998, subdivision (c)(1) (hereafter section 998(c)(1)) provides that "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff . . . shall pay the defendant's costs from the time of the offer." Subdivision (b) of that section (hereafter § 998(b)) governs the service of a section 998 offer and provides that such an offer may be made any time up to 10 days before the commencement of trial: *"Not less than 10 days prior to commencement of trial . . . any party may serve an offer* in writing upon any other party to the action to allow judgment to be taken . . . in accordance with the terms and conditions stated at that time." (Italics added.)

■ Subdivision (b)(2) of section 998 provides in part that "[i]f the offer is not accepted prior to trial[,] within 30 days after it is made, *whichever occurs first*, it shall be deemed withdrawn." (Italics added.) Thus, a section 998 offer is deemed withdrawn upon commencement of trial even if the 30-day period has not yet expired. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2004) [¶] 12:623,

---

*See footnote, *ante*, page 920.

p. 12(II)-24 (rev. # 1 2004).) For purposes of section 998(b), a trial is deemed to commence at the beginning of the opening statement of the plaintiff or plaintiff's counsel, or, if there is no such opening statement, when the first witness is sworn or "any evidence" is introduced. (§ 998(b)(3).)

Here, Sunset Trails served Lecuyer *by mail* with a section 998 offer in which it offered to settle the action by allowing judgment to be taken against it and in favor of Lecuyer in the amount of $150,001, with each party bearing its own costs. Lecuyer did not accept the offer and failed to obtain a more favorable judgment within the meaning of the cost-shifting provision set forth in section 998(c)(1) (discussed, *ante*).[13]

Lecuyer argues that the service by mail of Sunset Trails' section 998 offer on February 19 was not timely, and thus the offer was not valid, because Sunset Trails was required under section 1013, subdivision (a) (hereafter section 1013(a)) to give an additional five days' notice of the offer, and thus it was required to mail the offer no later than February 17, 15 days prior to commencement of trial.

The question we must decide is whether the provisions of section 1013(a) apply to the 10-day notice requirement set forth in section 998(b), which requires that a section 998 offer be served "[n]ot less than 10 days prior to commencement of trial." We hold that it does.

Section 1013(a) provides in part: "*In case of service by mail,* . . . [t]he service is complete at the time of the deposit, but *any period of notice* and any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, *shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California.*" (Italics added. )

In *Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 273 [276 Cal.Rptr. 321, 801 P.2d 1072] (*Poster*), the California Supreme Court explained that "[s]ection 1013[(a)] has been described as 'a procedural statute

---

[13] Based on the jury's findings that Lecuyer suffered damages in the total amount of $357,945.52, but that she was 90 percent at fault, the record shows the jury awarded her damages in the amount of $35,794.55, excluding costs. In posttrial proceedings, the court rejected Lecuyer's assertion that Sunset Trails' section 998 offer was invalid because it was not served in a timely manner and ordered Lecuyer to pay Sunset Trails' costs in the amount of $14,228.48 based on her rejection of the section 998 offer. The court entered judgment in favor of Lecuyer, awarding her damages in the net amount of $32,604.68 plus interest.

of general application' [citation] and has been construed broadly to include within its ambit not only notices of motions, but numerous other types of notices and responses thereto." Noting that "[b]y its terms, section 1013 appears clearly to apply to the time period prescribed by section 998 for accepting statutory offers of compromise," the *Poster* court held that *"when a statutory settlement offer pursuant to section 998 is served by mail, the provisions of section 1013 apply* and extend the 30-day period for acceptance of the offer by 5 days." (*Poster, supra,* at pp. 274, 275, italics added.)[14]

■ By its terms, section 1013(a) extends "any period of notice" where the paper in question is served by mail. We construe the 10-day notice requirement set forth in section 998(b) to be a "period of notice" within the meaning of section 1013(a) and hold that because the provisions of section 1013(a) apply when a statutory settlement offer under section 998 is served by mail (*Poster, supra,* 52 Cal.3d at p. 275), the provisions of section 1013(a) extend that 10-day notice requirement when the section 998 offer is served by mail. Thus, when (as here) a section 998 offer is mailed from an address in California to an address in California in an action set for trial, the section 998(b) 10-day notice period is extended by five days under section 1013(a), and the offeror is required to mail the offer not less than 15 days prior to commencement of trial. (§§ 998(b), 1013(a).)

Here, the trial commenced on March 4 when Lecuyer's counsel made his opening statement. (See § 998, subd. (b)(3), discussed, *ante.*) Thus, to serve its section 998 offer by mail in a timely manner, Sunset Trails was required to mail the offer no later than February 17.[15] Because Sunset Trails mailed the offer on February 19, two days late, we conclude it was not served in a timely manner, and therefore it was invalid and the cost-shifting provision of section 998(c)(1) did not apply. Accordingly, the portion of the judgment imposing Sunset Trails' costs on Lecuyer under section 998 must be reversed.

---

[14] We note that *Poster, supra,* 52 Cal.3d 266, does not answer the question presented here because it involved the issue of whether the provisions of section 1013(a) extended the period for *acceptance* of a section 998 offer served by mail.

[15] Section 12 provides that "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." Applying section 12 so as to exclude February 17, the fifteenth day after that date was March 4, the day the trial commenced in this matter.

## DISPOSITION

The portion of the judgment requiring Lecuyer to pay Sunset Trails' costs based on her failure to accept Sunset Trails' untimely and invalid section 998 offer is reversed. The portion of the judgment awarding her damages in the net amount of $32,604.68 is thus also reversed to the extent the court reduced the award of damages by the amount of defense costs it ordered Lecuyer to pay under section 998. The remaining portions of the judgment are affirmed. The matter is remanded with directions to amend the judgment in a manner consistent with this opinion. The parties shall bear their own costs on appeal.

Benke, Acting P. J., and Haller, J., concurred.